UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| Antonio Lynn Fluker, Jr.,<br><br>Plaintiff,<br><br>v.<br><br>United States of America,<br><br>Defendant. | Civil No. 26-10134<br><br>Honorable Matthew F. Leitman<br>Mag. Judge Anthony P. Patti |

**PROTECTIVE ORDER REGARDING DISCLOSURE OF RECORDS SUBJECT TO THE PRIVACY ACT AND 45 C.F.R. § 164.512(e)**

Defendant, United States of America, through its attorneys, seeks entry of a protective order to permit the United States to produce documents in this action that are deemed private and confidential under the Privacy Act, 5 U.S.C. § 552a, and Federal Rule of Civil Procedure 5.2, and to protect information obtained by any party from any other party and/or third parties as required by 45 C.F.R. § 164.512(e). The documents at issue in this case are likely to include personnel and medical records and reports that identify, by name and other identifying information, several individuals who are not parties to this litigation and contain private information about Plaintiff. Under the Privacy Act, the United States is prohibited from disclosing documents that include the names or other identifying information of individuals who are not currently parties to this case unless such disclosure is

permitted by the order of a Court of competent jurisdiction. 5 U.S.C. § 552a(b)(11). Similarly, under 45 C.F.R. § 164.502, a covered entity, such as the United States or other medical care provider, may not disclose protected health information unless such disclosure is permitted by the order of a Court of competent jurisdiction or if other criteria are met, as described in 45 C.F.R. § 164.512. This Protective Order permits the United States and other covered entities to produce relevant documents containing information protected by the Privacy Act, 5 U.S.C. § 552a, and ensures that any sensitive or private information obtained by either party from any source is disclosed only to the extent necessary to resolve this litigation, as required by 45 C.F.R. § 164.501, *et seq*. Accordingly, this Court enters a protective order providing as follows:

**1. Protected Information.**

Any party may designate as "protected information" records produced in response to discovery requests or documents obtained pursuant to subpoena from third parties. All records that either party designates as protected information shall be stamped "protected information" on each page and/or shall be appended with a cover sheet stamped "protected information." All such records designated as "protected information" shall be subject to the provisions below. The parties shall treat all records and information obtained from third parties regarding medical treatment of Plaintiff as "protected information." For the purposes of this qualified

protective order, "protected information" includes "protected health information" as set forth in 45 C.F.R. § 160.103 and 164.501, including demographic information, relating to either (a) the past, present, or future physical or mental condition of an individual, (b) the provision of care to an individual, or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

**2. <u>Authorization to Disclose</u>.**

Upon entry of this protective order under the authority of the Court pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, 5 U.S.C. § 552a(b)(11), and 45 C.F.R. § 164.512(e)(1), the Court permits the production of protected information even though the records contain the names and other identifying information and/or actions regarding persons who are not currently parties to this case and/or protected health information. Such "protected information" may be relevant to the subject matter involved in the pending action and a party's need for such records or information outweighs the concerns against disclosure so long as the party complies with the measures required by this Protective Order.

This order does not apply to those records or portions of records that include privileged information, if any, or that are otherwise objectionable.

**3. <u>Non-Disclosure of Protected Information</u>.**

Except with the prior written consent of the opposing party, or as otherwise provided under this order or by prior approval of this Court, no "protected information" may be disclosed to any individual or entity, in any form whatsoever, except to those persons, and for those purposes, delineated in paragraphs 4 and 5 below. Under no circumstances may protected information be used by either party or their attorneys or agents for any purpose other than for those purposes necessary to this litigation.

**4. <u>Permissible Disclosures</u>.**

(A) Notwithstanding paragraph 3, protected information may be disclosed to:

i. An individual party;

ii. Counsel for the parties in this action who are actively engaged in the conduct of this litigation;

iii. The partners, associates, secretaries, paralegal assistants, and employees of such counsel to the extent reasonably necessary to render professional services in the litigation;

iv. Retained consultants or experts (testimonial and non-testimonial) and employees of said persons directly involved in the prosecution or defense of this litigation;

v. Persons giving testimony, including testimony during depositions, in this litigation;

vi. Court officials involved in this litigation (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the Court); and

vii. Persons designated by the Court in the interest of justice, upon such terms as the Court may deem proper after hearing of the parties.

(B) Prior to disclosing protected information to the persons described in Paragraph 4(A), counsel or the pro se party shall inform each such person that protected information may not be used or disclosed for any purpose other than this litigation. Counsel or the pro se party shall take all other reasonable steps to ensure that persons receiving protected information do not use or disclose such information for any purpose other than this litigation.

**5. Use of Protected Information in Litigation.**

The provisions of this order shall not apply to restrict the use of protected information in connection with a deposition, proceeding, hearing, trial, or appeal in this action provided any person receiving the protected information is subject to the provisions of this order. However, any documents designated as "protected information" must be redacted to remove personally identifying information before they are disclosed to the public by, for instance, filing them as exhibits to motions on the public docket. In the event of filing of a motion, brief, memoranda, or other docket filing in which protected information has been redacted, counsel or the pro se party shall separately serve an unredacted filing. Additionally, counsel or the pro se party will provide an unredacted judge's copy.

**6. Custody and Safekeeping of Protected Information.**

Counsel for a party or the pro se party to whom protected information has been produced shall be responsible for taking appropriate precautions to preserve the confidentiality of the protected information. The duplication of protected information shall be limited to what is reasonably necessary for the conduct of this litigation.

**7. Filing of Documents Containing Protected Information with the Court.**

Documents containing protected information may be filed with the Court to the extent reasonably necessary to support motions or other matters relating to the litigation provided that such documents are redacted to remove all personally identifying information prior to filing. The filing party is responsible for completing the redactions necessary to comply with this section.

**8. Non-Termination.**

The provisions of this order shall not terminate at the conclusion of this litigation. Within 120 days after final conclusion of all aspects of this litigation, including all appeals, protected documents and all copies of same (other than exhibits of record) shall be returned to the United States or its counsel or certified as destroyed by destroying counsel or the pro se party. All counsel of record or the pro se party shall make certification of compliance herewith and shall deliver the same

to counsel for the United States not more than 150 days after final termination of this litigation.

**9. Declassification.**

In the event that a reviewing party wishes to disclose protected material to any person to whom disclosure is not authorized by this protective order, such reviewing party may apply to this Court for modification of this order. During the pendency of any such application, this protective order shall remain in full effect. The party who produced the information as protected shall have the burden to prove that there is good cause for the information to have such protection. Failure of a party to promptly challenge any designation of confidentiality shall not constitute acquiescence in such designation nor preclude the filing of an application under this paragraph at any time prior to trial. Nothing herein shall impose any restriction on the use or disclosure by a party of information obtained by such party independently of discovery proceedings herein.

**10. Modification Permitted.**

Nothing in this order shall prevent any party from seeking modification of this order or from objecting to discovery that it believes to be otherwise improper.

**11. Filing Under Seal.**

This order does not authorize the filing of any documents under seal. Documents may be sealed only if authorized by statute, rule, or order of the Court.

The parties will comply with Local Rule 5.3 and Judge Patti's practice guidelines with respect to any documents they seek to file under seal.

**IT IS SO ORDERED.**

**ANTHONY P. PATTI**
United States Magistrate Judge

Dated: November 19, 2026